IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:17-cr-00066 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| JERRY LEE HOBACK | ) United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Jerry Lee Hoback filed a *pro se* motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).[1] (Dkt. No. 232.) In accordance with local Standing Order 2019-1, the court appointed the Federal Public Defender (FPD) to represent Hoback, but it declined to supplement Hoback's motion. Thereafter, Hoback filed two additional motions for compassionate release. (Dkt. Nos. 235, 236.) Hoback seeks compassionate release due to the COVID-19 pandemic. (Dkt. No. 232). The government opposes Hoback's motions. (Dkt. No. 237.) For the reasons stated below, the court will deny Hoback's motions for compassionate release.

I. BACKGROUND

Hoback, in collaboration with others, distributed methamphetamine and other narcotics in the Roanoke Valley. (Dkt. No. 77.) On March 16, 2018, Hoback pleaded guilty to conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). (Dkt. Nos. 75, 76.) On

---

[1] Hoback also files his motion pursuant to 18 U.S.C. 4205(g) and, in the alternative, 18 U.S.C. 3621(c)(1). However, "18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date." 28 C.F.R. § 572.40. "For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A)." *Id.* Hoback's offenses occurred after 1987, therefore, his motion for compassionate release is proper under 18 U.S.C. § 3582(c)(1)(A). In addition, Hoback's motion is not proper under 18 U.S.C. 3621(c)(1), which does not address compassionate release or relevant relief.

1

March 21, 2019, the court sentenced Hoback to a term of imprisonment of 155 months, plus 5 years of supervised release. (Dkt. No. 190.)

Hoback is now 42 years old and is currently serving his sentence at FCI-Cumberland in Cumberland, Maryland, with a projected release date is October 18, 2024.[2] Hoback asks to be released due to the possibility of contracting COVID-19 while in prison. (Dkt. No. 232). Hoback argues that the Bureau of Prisons (BOP) is not taking adequate measures to protect inmates from contracting COVID-19. Specifically, Hoback argues that "the deliberate substitution of temperature checks by the []BOP in lieu of comprehensive (antibody) screening," is inadequate to protect inmates from COVID-19. (*Id.* at 2.) Hoback further argues that "the absence of mental health screening and services that are not being provided by the []BOP at a time in which the[re are] excessively-lengthy lockdowns [is] catastrophic in any individual's mental health." (*Id.* at 3.) In sum, Hoback argues that the BOP's procedures to screen for, address, and prevent the spread of COVID-19 in BOP facilities amount to cruel and unusual punishment in violation of the Eight Amendment.[3] (*Id.*)

Additionally, Hoback asks the court to construe his failure to exhaust administrative remedies as a "product of events beyond his control." (Dkt. No. 236 at 1.) Hoback states that he was on lockdown for approximately 168 hours per week and permitted to exit his cell only three days per week for one hour at a time. (*Id.*) Hoback claims that social distancing and other COVID-19 protocols at FCI-Cumberland have prevented adequate and timely access to the appropriate staff to promptly exhaust his administrative remedies. (*Id.*)

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited May 13, 2022).

[3] A motion for compassionate release is not the appropriate vehicle to address Eighth Amendment claims. *See United States v. Robertson*, 2021 WL 1343049, *1 n.2 (W.D. Va. April 8, 2021); *United States v. Hartley*, 2020 WL 5550394, *1 (W.D.N.C. September 16, 2020) (and cases cited therein). Therefore, the court will only address Hoback's arguments for compassionate release and not his Eighth Amendment claims.

The government opposes Hoback's motion arguing that his concerns do not rise to the level of extraordinary or compelling reasons for release. (Dkt. No. 237.) In particular, the government notes that Hoback does not claim to have any COVID-related risk factors and he has refused the COVID-19 vaccine. (Dkt. No. 237 at 2.) Even if Hoback were to demonstrate extraordinary and compelling circumstances, the government contends that the § 3553(a) factors do not support his release. (*Id*. at 6.) However, the government concedes that Hoback has exhausted his administrative remedies by requesting a reduction in sentence which was denied by the warden. (Dkt. No. 237 at 2).

## II.  ANALYSIS

### A.  Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable Sentencing Commission policy statements, it may reduce a term of imprisonment. However,

3

"the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). *See also United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2022). The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). *See also Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019). *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

While the First Step Act modified § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. The court has previously found that § 3582's exhaustion requirement is not a jurisdictional bar, but rather a claims-processing rule that may be waived. *See United States v. Brown*, Criminal No. 7:19-cr-

00036, 2020 WL 4506798, at *3 (W.D. Va. Aug. 5, 2020). Here, the government does not contest that Hoback has exhausted his administrative remedies within the BOP. (Dkt. No. 237 at 2.) Therefore, the exhaustion requirement does not stand in the way of granting relief to Hoback.

## C. Extraordinary and Compelling Reasons

Because an inmate is not eligible for compassionate release in the absence of extraordinary and compelling reasons, *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court looks to whether Hoback has provided such reasons. The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021). *See also United States v. Harper*, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

While Hoback bases his motions for release on his risk of contracting COVID-19 while in custody and despite his burden of proof, he fails to set forth any facts that indicate he has any health condition that places him at a higher risk for severe illness if he contracts COVID-19. A review of Mr. Hoback's medical records indicates that he suffers from Hepatitis B, but he is in remission and is not symptomatic. (Dkt. No. 237 at 4). For these reasons, Hoback has not shown a particularized susceptibility to COVID-19 or a particularized risk of contracting the disease at his prison facility.

Moreover, Hoback has declined to take the COVID-19 vaccine, and he claims no medical or other reason for doing so. Many courts have held that an inmate's decision not to accept the COVID-19 vaccine, while not controlling, weighs against granting a motion for compassionate release that is based on COVID-19 concerns. *See, e.g.*, *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (risk is self-incurred where there is elevated risk because vaccine declined); *United States v. Kennedy*, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished) ("defendants may not perpetuate their own extraordinary and compelling circumstances for compassionate release by declining the [vaccine]"); *United States v. Ortiz*, 2021 WL 1422816, at *5 n.6 (E.D. Pa. Apr. 15, 2021) ("Overlooking a medically at-risk petitioner's refusal of an available vaccine and granting him compassionate release would likely incentivize other medically at-risk prisoners to decline an offer of a vaccine, putting themselves and others at risk."); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021) ("The risk-benefit analysis in favor of inoculation is so overwhelming that the Court holds [defendant]'s refusal to be vaccinated against his motion for compassionate release."); *United States v. Baeza-Vargas*, 2021 WL1250349, at *3 (D. Ariz. Apr. 5, 2021) (collecting cases and noting "Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances."); *United States v. Jackson*, 2021 WL 806366, at *1–2 (D. Minn. Mar. 3, 2021) ("While [defendant] is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.").

Given the absence of extraordinary and compelling reasons, the court will deny Hoback's motions and need not analyze the § 3553(a) factors.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Hoback's motions for compassionate release (Dkt. Nos. 232, 235, 236) are DENIED. The clerk is directed to provide a copy of this order to Hoback,, all counsel of record, and the United States Probation Office.

Entered: May 16, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge