CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 03, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:17-cr-00066-2 |
| | ) | |
| v. | ) | By: Elizabeth K. Dillon |
| | ) | Chief United States District Judge |
| JERRY LEE HOBACK | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a pro se motion filed by defendant Jerry Lee Hoback, requesting that the court terminate his supervised release term. (Dkt. No. 254.) The United States was given the opportunity to object (Dkt. No. 255), and it declined to do so, which the court advised would be construed as a statement of non-objection.[1] (*Id.*) The court finds that a hearing is not necessary to resolve this issue and will grant the request.[2]

Under 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the defendant's conduct and the interest of justice. As at sentencing, the court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.[3] 18 U.S.C. § 3553(a).

---

[1] Counsel for the United States also indicated via email to the court's courtroom deputy clerk that it did not object to the request.

[2] A hearing is not required because the relief sought is favorable to the defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

[3] Certain sentencing factors are not to be considered when determining whether to grant early termination of supervised release. 18 U.S.C. § 3583(e). These include the factors set forth in § 3553(a)(2)(A) and (a)(3), *id.*, which are the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the kinds of sentences available.

A district court's decision whether to grant early termination of supervised release is reviewed under "the narrow abuse of discretion standard." *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). *See also Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (noting that discretion to deny exists even where the conditions for termination are met). The 2025 amendments to the sentencing guidelines direct the court to conduct "an individualized assessment of the need for ongoing supervision" in considering a request for early termination. U.S.S.G. § 5D1.4; *United States v. Miller*, No. 26-6501, 2026 WL 2874981, at *1 (4th Cir. Sept. 24, 2026) (per curiam) (noting same).

Hoback pled guilty to a single count of conspiracy to distribute methamphetamine. The court ultimately sentenced him to a term of incarceration, to be followed by a five-year term of supervised release. It also imposed a $100 special assessment and a $300 fine.

Hoback was released from custody on September 26, 2024—he was on home confinement at the time—and began his 5-year supervision term. Thus, he has served more than two years of his term. According to his motion and general information provided by his supervising probation officer, Hoback has complied with the orders of the court and satisfied all the special conditions of supervision. As set forth in his motion, he notes that he has maintained regular employment at the same place since February 2024, paid all his criminal monetary penalties and paid child support obligations regularly, is involved in church and community outreach programs, and has completed all ordered treatment programs. (Dkt. No. 254.) He also has provided a character letter from a friend and co-worker who has worked with him for several years, and speaks highly of his work ethic and dedication to his employer, his positive influence on others, and states that he is a "contributing member of the community." (Dkt. No. 254-1.)

Based on the information provided and the non-opposition by the United States, and after considering the appropriate § 3553(a) factors, the court agrees that early termination is

appropriate.

The nature and circumstances of his offense are not in Hoback's favor, given that he was involved in a conspiracy in which he was held responsible for distributing 11 kilograms of methamphetamine. But other sentencing factors support early termination. At sentencing, the court varied downward from the applicable guideline range based on several considerations. These included his lack of violence and the fact that his criminal history category was slightly overstated. It also noted his consistent employment history and the fact that the offense was committed, in part, to feed his own drug habit. The court relies on those same considerations in terminating Hoback's supervised release early.

Further, it appears that Hoback has successfully transitioned back into the community and has complied fully with all terms of his supervised release. Lastly, the court does not see evidence of a need, at this point, to protect the public or to deter Hoback from committing further crimes through the ongoing imposition of release conditions.

CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that the Hoback's motion for early termination of his supervised release term (Dkt. No. 254) is GRANTED, and his supervised release term is hereby TERMINATED.

The clerk is DIRECTED to provide a copy of this memorandum opinion and order to all counsel of record, to the United States Probation Office, and to Hoback at his address of record.

Entered: November 3, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge